UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No.: 8:23-cr-25-VMC-AEP

GABRIELLA VICTORIA OROPESA

_____/

## ORDER

This matter comes before the Court pursuant to Defendant Gabriella Victoria Oropesa's Renewed Motion to Dismiss (Doc. # 238), filed on August 2, 2024, and her Motion for Oral Argument (Doc. # 239), filed on the same date. The United States of America responded in opposition on August 14, 2024. (Doc. # 244). Oropesa filed a reply on August 19, 2024. (Doc. # 248). For the reasons that follow, the Motion is denied as untimely.

## I.   Background

On March 23, 2023, Oropesa and three co-defendants, Caleb Hunter Freestone, Amber Marie Smith-Stewart, and Annarella Rivera, were indicted via superseding indictment. (Doc. # 54). Count One charges all four defendants with conspiracy to violate rights secured by the Free Access to Clinic Entrances Act ("FACE Act"), 18 U.S.C. § 248: the defendants allegedly conspired "to injure, oppress, threaten,

and intimidate employees of facilities providing reproductive health services in the free exercise and enjoyment of the rights and privileges secured to them by the laws of the United States, namely, the right to provide and seek to provide reproductive health services as provided by Title 18, United States Code, Section 248(c)(1), in violation of Title 18, United States Code, Section 241." (Id. at 1-2).

Section 241 provides in relevant part:

> If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; . . . [t]hey shall be fined under this title or imprisoned not more than ten years, or both.

18 U.S.C. § 241. The "law of the United States" that creates the right at issue here is the FACE Act. The FACE Act "subjects to both criminal and civil penalties anyone who 'by force or threat of force or by physical obstruction, intentionally injures, intimidates or interferes with or attempts to injure, intimidate or interfere with any person because that person is or has been, or in order to intimidate such person or any other person or any class of persons from, obtaining or providing reproductive health services.'"

McCullen v. Coakley, 573 U.S. 464, 491 (2014) (quoting 18 U.S.C. § 248(a)(1)).

On May 4, 2023, Oropesa filed her first motion to dismiss Count One of the superseding indictment. (Doc. # 102). On July 27, 2023, the Court denied Oropesa's motion on the merits. (Doc. # 144). In that order, the Court rejected the three arguments raised by Oropesa. (Doc. #144). These arguments were:

> (1) the offense of conspiracy against rights, 18 U.S.C. § 241, requires state action but no state action is alleged in Count One; (2) because the FACE Act contains its own independent regulatory - indeed criminal – enforcement mechanisms prescribed by Congress, the FACE Act may not also be enforced through the open-ended Constitution or laws provision of 18 U.S.C. § 241; and (3) to the extent Count One alleges a conspiracy to violate the FACE Act, the Superseding Indictment alleges as the object of the conspiracy an unenforceable provision of the Act.

(Id. at 4-5) (internal quotations omitted).

On June 4, 2024, Oropesa's three co-defendants each pled guilty to Count One of the superseding indictment. (Doc. ## 203; 204; 206).

The deadline to file pretrial motions was November 30, 2023. (Doc. # 170). On August 2, 2024, Oropesa filed a Renewed Motion to Dismiss Count One of the superseding indictment (Doc. # 238), and motion for oral argument. (Doc. # 239). The

3

government has responded (Doc. # 244), and Oropesa has replied. (Doc. # 248). The Motion is now ripe for review.

## II.  Discussion

Oropesa's Motion was filed over eight months after the deadline to file pretrial motions had passed. (Doc. # 170). The Motion is untimely. Accordingly, the Court may consider the motion if Oropesa "shows good cause." Fed. R. Crim. P. 12(c)(3).

In her Motion, Oropesa does not directly identify the good cause that justifies her late filing. (Doc. # 238). However, the Court construes her argument as implying that two Supreme Court decisions issued since both the Court's ruling on the initial motion to dismiss and the deadline to file such a motion constitute good cause. (Id. at 1). These decisions are Fischer v. United States, 144 S. Ct. 2176 (2024), and Snyder v. United States, 144 S. Ct. 1947 (2024). Oropesa argues these two decisions negate the Court's analysis in its prior order, thereby reviving her argument about "whether the statutory term 'laws of the United States' is so broad as to embrace the (FACE Act)." (Doc. # 238 at 2).

The government counters that neither decision relates to the conspiracy charge that Oropesa is facing, nor impacts the sufficiency of the superseding indictment. (Doc. # 244 at 2-

3). Accordingly, the government argues that the Motion is untimely as these two decisions do not change the Court's analysis in its prior order. (<u>Id.</u>).

Under certain circumstances, the issuance of two Supreme Court decisions directly applicable to a defendant's case would constitute good cause to file a motion to dismiss an indictment after the deadline. <u>See</u> <u>United States v. Andres</u>, 960 F.3d 1310, 1316 (11th Cir. 2020) ("[T]he law is clear that no good cause exists if the defendant had all the information necessary to bring a Rule 12(b) motion before the date set for pretrial motions, but failed to file it by that date." (internal quotations omitted)). The Court is not faced with such a circumstance, however, because neither <u>Fischer</u> nor <u>Snyder</u> are applicable to Oropesa's case.

In <u>Fischer</u>, the question presented was described as follows:

> The Sarbanes-Oxley Act of 2002 imposes criminal liability on anyone who corruptly "alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding." 18 U.S.C. § 1512(c)(1). The next subsection extends that prohibition to anyone who "otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so." § 1512(c)(2). We consider whether this "otherwise" clause should be read in light of the limited reach of the specific provision that precedes it.

5

144 S. Ct. at 2181. The Supreme Court applied common methods of statutory interpretation to reach its resolution, including *noscitur sociis* and *ejusdem generis*, legislative history, and the broader context of the criminal code. Id. at 2183-85. Through these methods, the Supreme Court concluded that "[t]o prove a violation of Section 1512(c)(2), the Government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or as we earlier explained, other things used in the proceeding, or attempted to do so." Id. at 2190.

The Court finds no support for Oropesa's assertion that Fischer "adopted an approach to the construction of federal criminal statutes that focuses on the penalties a defendant faces, endorsing a rule that ambiguities in statutory language must be resolved in a way that results in the less severe penalties." (Doc. # 238, at 13). Fischer was a narrow case interpreting the proper construction of a specific statute — the Sarbanes-Oxley Act — that is not at issue here, and the charge discussed in the decision did not relate to conspiracy. Id. at 2181-82. At most, Fischer was concerned with how "[a]n unbounded interpretation of subsection (c)(2) would also render superfluous the careful delineation of

different types of obstructive conduct in Section 1512 itself." Id. at 2187. Fischer mainly provides guidance for the correct process for applying the different forms of criminal liability under Section 1512. Fischer did not revolutionize the way courts must evaluate criminal liability altogether, and the Court finds it completely inapplicable.

The Court similarly finds Snyder inapplicable. Snyder held that 18 U.S.C. § 666, which prohibits state and local officials from accepting bribes, cannot also make it a crime for these officials to accept gratuities. 144 S. Ct. at 1951. The Court reached this decision for six reasons: "text, statutory history, statutory structure, statutory punishments, federalism, and fair notice." Id. at 1954. Oropesa focuses on the statutory punishments discussion as supporting her position. (Doc. # 238 at 18). In that section, the Supreme Court considered how the government's position could lead to vastly different punishments for state and local officials who accept gratuities as opposed to federal officials who accept gratuities. 144 S. Ct. at 1956 (noting that the statutory maximum for federal officials would be 2 years, but would be 15 years for state or local officials). The Supreme Court found this would result in an "inexplicable anomal[y]." Id.

The Court's prior order stated: "the Court is unpersuaded by Oropesa's complaint that she is being charged with felony conspiracy through Section 241 when the FACE Act itself only provides misdemeanor criminal penalties." (Doc. # 144 at 16-17). Oropesa argues that <u>Snyder</u> should make the Court reconsider its prior analysis. (Doc. # 238 at 18). The Court is again unpersuaded.

True, whether Oropesa is charged with a violation of the FACE Act as opposed to a conspiracy to violate the FACE Act results in a sentencing disparity. However, "[i]t has been long and consistently recognized by the Court that the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses. The power of Congress to separate the two and to affix to each a different penalty is well established." <u>Pinkerton v. United States</u>, 328 U.S. 640, 643 (1946). <u>Snyder</u> contrasted two theoretical statutory punishments resulting from a single statute. 144 S. Ct. at 1956. It did not remake the law to mandate that conspiracies resulting in disparate sentences are now presumptively invalid. Accordingly, the Court finds that <u>Snyder</u> is immaterial to the sufficiency of the superseding indictment here.

Having readily found that both <u>Snyder</u> and <u>Snyder</u> are inapplicable, the Court concludes that Oropesa has not demonstrated good cause for her untimely filing of the Renewed Motion to Dismiss. The Motion is denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Gabriella Victoria Oropesa's Renewed Motion to Dismiss Count One of the Superseding Indictment (Doc. # 238) is **DENIED** as untimely. Additionally, Oropesa's Motion for Oral Argument (Doc. # 239) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>26th</u> day of August, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE